IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY HOWES, *et al.* | * | |
| | * | |
| v. | * | Civil Action No. CCB-20-0670 |
| | * | |
| | * | |
| SN SERVICING CORPORATION, *et al.* | * | |

**\*\*\*\*\*\*\*\*\***

**MEMORANDUM AND ORDER**

Now pending is the plaintiff's motion asking this court to reconsider its rulings made in the memorandum opinion and order issued March 9, 2021. The various defendants have responded and the motion is ready for a ruling.

Following extensive briefing and oral argument, the court issued an 18-page memorandum acknowledging and addressing every comprehensible allegation in the plaintiffs' 135-page shotgun complaint. All claims against Wells Fargo were dismissed with prejudice; some claims against SN Servicing and the AMIP defendants survived. The court directed the Howeses to file a more definite complaint in compliance with Rule 8(a) as to the surviving claims. (ECF 36, 37).

The Howeses' motion for reconsideration fails to satisfy the requirements of Fed. R. Civ. P. 54(b). It is correct that the court retains discretion to reconsider and modify an interlocutory Order at any time prior to the entry of final judgment. *See Am. Canoe Ass'n v Murphy Farms*, 326 F. 3d 505, 514–15 (4th Circ. 2003). But such reconsideration is to be exercised sparingly. Generally, a party must show (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *See Potter v Potter*, 199 F.R.D. 550, 552 (D. Md. 2001); *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)) ("Although there may be many valid

reasons to reconsider an order, a motion to reconsider is not a license to reargue the merits or present new evidence that was previously available to the movant.") (internal quotations omitted).

For all the reasons explained by the defendants in their responses, and upon the court's review of its prior opinion, no justification has been shown to support the plaintiffs' motion, which essentially reargues the merits of the motions to dismiss but fails to show any misunderstanding, clear error of law, or manifest injustice. The motion will be denied.

Reluctantly, however, the court will grant the motion for extension and provide the plaintiffs one last opportunity to file an amended complaint in compliance with the court's earlier order by November 22, 2021.

Accordingly, it is hereby **Ordered** that:

1. The motion for reconsideration (ECF 38) is **Denied**;

2. The motion for extension of time (ECF 39) is **Granted**;

3. The plaintiffs' amended complaint is due November 22, 2021; and

4. The Clerk shall **Send** a copy of this Memorandum and Order to counsel of record.

  11/1/2021  
Date

              /S/                              
Catherine C. Blake  
United States District Judge