**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| Jeffrey V. Howes, et. al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | NO. 1:20-cv-00670-CCB |
| | * | |
| SN SERVICING CORPORATION, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
RECONSIDER THE COURT'S MARCH 9, 2021 ORDER GRANTING SN SERVICING
CORPORATION'S AND US BANK TRUST, N.A., NOT INDIVIDUALLY BUT SOLELY
AS TRUSTEE OF PRP II PALS INVESTMENT TRUST'S MOTION TO DISMISS
COUNT X OF THE FIRST AMENDED COMPLAINT TO ACCOMMODATE A
SUBSTANTIAL INTERVENING CHANGE IN CONTROLLING LAW**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 5

     A.   Standard of Review ................................................................................ 5

     B.   The Court Should Reconsider Its Ruling Granting SN Servicing and PRP's
          Motion to Dismiss Plaintiffs' Maryland Consumer Debt Collection Act
          Claim Under Count X Because It Is Necessary to Accommodate An
          Intervening Change in Controlling Law ................................................. 7

          1.   Plaintiffs alleged in their First Amended Complaint that the SN
               Defendants did not possess the right to collect or attempt to collect the
               amount of the debt sought because the amount was in excess of
               what was owed under the terms of mortgage note and deed of trust .......... 8

          2.   Plaintiffs have alleged that the SN Defendants attempted to collect
               the debt even though they knew they did not have the right to collect
               it in the amount sought .......................................................................... 12

III. CONCLUSION ................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Bank of Am., N.A.,*
   933 F. Supp. 2d 716, 2013 WL 1164898 (D. Md. 2013) ....................................... 13

*Allstate Lien & Recovery Corp. v. Stansbury*,
   219 Md. App. 575 (2014)................................................................................ 4, 9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................ 6

*Barr v. Flagstar Bank, FSB*,
   3030 F. Supp.3d 400 (D. Md. 2018) ................................................................... 4, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................. 6, 7

*Brooks v. Cama Self Directed IRA, LLC*,
   CV JKB-18-2299, 2019 WL 418412 (D. Md. Jan. 31, 2019)................................. 9

*Chavis v. Blibaum & Associates, P.A.*,
   476 Md. 534 264 A.3d 1254 (2021)............................................................... passim

*Conteh v. Shamrock Cmty. Ass'n, Inc.*,
   648 F. App'x 377 (4th Cir. 2016) .......................................................................... 8

*Edwards v. City of Goldsboro*,
   178 F.3d 231 (4th Cir. 1999)............................................................................... 6, 7

*Erickson v. Pardus*,
   551 U.S. 89 (2007)................................................................................................. 6

*Fayetteville Investors v. Commercial Builders, Inc.*,
   936 F.2d 1462 (4th Cir. 1991)............................................................................... 6

*Flournoy v. Rushmore Loan Mgmt. Services, LLC*,
   8:19-CV-00407-PX, 2020 WL 1285504 (D. Md. Mar. 17, 2020)......................... 9

*Fontell v. Hassett*,
   870 F. Supp. 2d 395 (D. Md. 2012) ..................................................................... 12

*In re Marriott Int'l, Inc.*,
   No. 19-MD-2879, 2021 WL 1516028 (D. Md. Apr. 16, 2021)............................. 6

*Kouabo v. Chevy Chase Bank, F.S.B.*,
   336 F. Supp. 2d 471 2004 WL 2091210 (D. Md. 2004) ...................................... 12

*Lindsay v. Rushmore Loan Mgmt. Servs., LLC,*
  No. PWG-15-1031 2017 WL 1230822 (D. Md. Apr. 4, 2017) ............................................. 4, 9

*Mills v. Galyn Manor Homeowner's Ass'n, Inc.,*
  239 Md. App. 663 (2018) ................................................................................................... 10

*Nationstar Mortgage LLC v. Kemp,*
  476 Md. 149 (2021) ........................................................................................................ 5, 12

*Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.,*
  148 F.3d 396 (4th Cir. 1998) ................................................................................................ 6

*Proctor v. Washington Metro. Area Transit Auth.,*
  412 Md. 691 (2010) ............................................................................................................... 5

*Scheuer v. Rhoades,*
  416 U.S. 232 (1974) ............................................................................................................... 7

*Spencer v. Hendersen-Webb, Inc.,*
  81 F. Supp. 2d 582 (D. Md. 1999) ....................................................................................... 12

*Stewart Allen V. Majerle Management, Inc.,* et al.,
  No. CV 21-950 PJM, 2022 WL 957762 (D. Md. Mar. 30, 2022) ......................................... 1

*United States v. Duke Energy Corp.,*
  218 F.R.D. 468 (M.D.N.C. 2003) .......................................................................................... 5

**Statutes**

Md. Code Com-Law §13-301(14) .............................................................................................. 1

Md. Code, Com-Law §14-202(8) ...................................................................................... passim

**Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................................................. 6

FED. R. CIV. P. 54(b) ............................................................................................................. 5, 6

FED. R. CIV. P. 59(e) ............................................................................................................. 5, 6

FED. R. CIV. P. 60(b) ............................................................................................................. 5, 6

Plaintiffs Jeffrey V. Howes ("Mr. Howes") and Tonya Howes ("Mrs. Howes") (collectively referred to as "the Howes" or "Plaintiffs"), by counsel, hereby file this Memorandum in Support of their Motion to Reconsider the Court's March 9, 2021 Opinion ("Mem") [ECF 036] and Order (the "Order") [ECF 037] granting in pertinent part Defendants SN Servicing Corporation ("SN Servicing") and US Bank Trust, N.A., not individually but solely as Trustee of PRP II PALS Investments Trust ("PRP") (collectively, "SN Defendants") Motion to Dismiss [ECF 021] Count X of Plaintiffs' First Amended Complaint alleging violations of the Maryland Consumer Debt Collection Act, Md. Code, Com-Law § 14-202(8) ("MCDCA"), and corresponding *per se* violation of the Maryland Consumer Protection Act, Md. Code Com-Law §13-301(14)(iii). Plaintiffs state that there has been a substantial intervening change in controlling law which requires the Court to reconsider its decision. In support of this Motion, Plaintiffs state as follows:

## I.   INTRODUCTION

The Court of Appeals recently clarified that "a plaintiff may invoke § 14-202(8) when the amount claimed by the debt collector includes sums that the debt collector, to its knowledge, does not have the right to collect." *Chavis v. Blibaum & Associates, P.A.*, 476 Md. 534, 560, 264 A.3d 1254, 1269 (2021); *Stewart Allen V. Majerle Management, Inc.*, et al., No. CV 21-950 PJM, 2022 WL 957762, at *3 (D. Md. Mar. 30, 2022) (granting plaintiff's request for reconsideration of an earlier dismissal of his claim under the MCDCA where the court found that there has been a change in the applicable law). The Court of Appeals ruled that § 14-202 permits the challenge of the amount of the debt as well as the methods of collection. Id. at 554. And that the plaintiffs sufficient alleged a violation of § 14-202(8) where defendants collected post-judgment interest at a rate in excess of the allowable legal rate as such a charge was unauthorized even though post-judgment

1

interest was a type of charged that was authorized. *Id., at* 560-561. This ruling directly contravenes the Court's opinion in which it dismissed Plaintiffs' MCDCA claim ruling that "the Howes's complaint does not contain any allegations of unauthorized charges (even if it does contain allegations of excessive charges) or any allegations that challenge the validity of the underlying debt." [ECF 036, 15]. This represents a substantial intervening charge in controlling law, and warrants the Court's reconsideration of the Court's dismissal of Count X.

On February 13, 2020, Plaintiffs filed their First Amended Complaint alleging thirteen common law and statutory causes of action against several mortgage servicing companies, debt buyers, and their agents related to the servicing of their mortgage loan and attempted foreclosure of their home. Plaintiffs alleged that the Defendants' conduct violated state and federal law.

Relevant for this Motion, under Count X, Plaintiffs alleged that the SN Defendants violated Maryland Code Commercial Law § 14-202(8) by attempting to enforce a right or collect a debt which the SN Defendants knew did not exist. FAC ¶ 445. Specifically, in or around May of 2017, PRP claimed to be the owner or investor and SN Servicing claimed to be the servicer of Plaintiffs' loan. FAC ¶¶ 9-10, 69-70. The SN Defendants set the Plaintiffs' home for foreclosure action on June 5, 2017. FAC ¶ 105. The SN Defendants failed to respond to several requests for a current reinstatement amount, and the only responses that were ever received were expired when they were sent. FAC ¶¶ 96-102, 107-109. Even without receiving a satisfactory accounting of a reinstatement amount to cure the alleged default, Plaintiffs made a $451,000.00 payment to the SN Defendants to prevent the foreclosure. *Id*.

Plaintiffs allege that the SN Defendants collected money and applied the payments in a manner that was inconsistent with the terms of their deed of trust (FAC Ex. B) and promissory note (FAC Ex. A) (collectively the "Loan Agreement). The SN Defendants violative conduct

2

included, but was not limited to, collecting $11,884 purportedly for the 2016 property taxes even though those taxes had already been paid by the Howes directly (FAC ¶ 103); applying $24,851.03 of the payment to unexplained charges and fees labeled "Other Fee Payment", "Legal Fee Payment" and "Late Charge Payment" (FAC ¶ 114); assessing backdated, and unexplained charges labeled "other fees assessment" which were supposedly incurred on March 24, 2015 but were absent from an account history dated December 20, 2016 which SN Servicing attached to a court filing (FAC ¶ 336, Ex. Z, Ex. NNN); and charging late fees and other charges at a time when the Plaintiffs' loan was current (FAC ¶ 121).[1] The improper application of payment and assessment of charges caused the SN Defendants to attempt to collect by sending the Plaintiffs notices, statements, and letters seeking an amount that they had no right to collect including, but not limited to, when the Plaintiffs received one letter from the SN Defendants on September 13, 2017 attempting to collect $13,621.83 to reinstate the loan, and then just two days later, another one attempting to collect $21,239.89 to reinstate the loan; at a time when the Plaintiffs allege the account was not only current, but overpaid. FAC ¶ 131. The Plaintiffs alleged they sent the SN Defendants seven letters asking for explanations and supporting documents justifying the charges and application of payments, or to correct the associated errors, but never received a proper explanation or supporting documentation, and the alleged errors were never corrected. FAC ¶ 131-141. Plaintiffs also alleged that the undue interest was collected as a result of the improper application of payments and charging of unauthorized fees.  FAC ¶¶ 132, 365, 445, 447.

On March 12, 2020, the Defendants removed the case to this Court based on federal jurisdiction. On July 23, 2020, the SN Defendants moved to dismiss Plaintiffs First Amended

---

[1] Plaintiffs will collectively refer to all of these charges and fees as the "Contested Charges".

Complaint in its entirety [ECF 021] which Plaintiffs opposed [ECF 026].[2] On March 9, 2021, the Court entered an opinion [ECF 036] and accompanying order [ECF 037] dismissing all of Plaintiffs causes of action against the SN Defendants, including Count X, except for one claim against SN Servicing under the Real Estate Procedures Settlement Act ("RESPA"), and ordered Plaintiffs to file an amended complaint limited to thirty-five pages and excluding all dismissed counts. *See gen. Mem*. As to Count X, the Court dismissed Plaintiffs MCDCA claim holding that Plaintiffs failed to state a claim because the "Howes's complaint does not contain any allegations of unauthorized charges (even if it does contain allegations of excess charges) or any allegations that challenge the validity of the underlying debt." [ECF 36, at 15].

On March 23, 2021, Plaintiffs filed a Motion to Reconsider to the Court's order of dismissal of several counts including Count X. [ECF 038]. Plaintiff argued, in part, that the Court should reconsider its decision as to Count X because the Court erred in its determination that a debt collector's liability under the MCDCA is limited "to debts inflated by unauthorized types of charges while excluding debts inflated by excessive or unreasonable charges which are of a type authorized under the promissory note." [ECF 038-1, 20-21]. The SN Defendants filed their opposition to the Motion to Reconsider on April 5, 2021. [ECF 042]. The SN Defendants argued that the Court's decision was correct because several cases had limited liability under MCDCA for claim based on an excessive charge as having to result for a debt collector's inclusion of an "unauthorized type of charge." [ECF 042 at 19] (*citing Barr v. Flagstar Bank, FSB*, 3030 F. Supp.3d 400, 419-20 (D. Md. 2018); *Allstate Lien & Recovery Corp. v. Stansbury*, 219 Md. App. 575 (2014); *Lindsay v. Rushmore Loan Mgmt. Servs.*, LLC, No. PWG-15-1031, 2017 WL 1230822, at *6 (D. Md. Apr. 4, 2017).

---

[2] The other Defendants also filed Motions to Dismiss, or motions for a more definitive statement.

4

On November 1, 2021, the Court issued an order summarily denying Plaintiffs' request for consideration as to all the contested counts, finding that Plaintiffs had not met their burden of showing any misunderstanding, clear error of law, or manifest injustice. [ECF 045].

Unbeknownst to the parties, during the pendency of the motions in this case, pending before the Court of Appeals were two cases, *Chavis v. Blibaum & Associates, P.A.*, 476 Md. 534, 560, 264 A.3d 1254, 1269 (2021), reconsideration denied (Sept. 28, 2021), and *Nationstar Mortgage LLC v. Kemp*, 476 Md. 149 (2021), involving the standard for liability of a debt collector under CL 14-202(8). On August 27, 2021, four months after briefing for the motion to reconsider had concluded, the Court of Appeals issued opinions in *Chavis* and *Kemp*. As the Court of Appeals is the final arbiter of Maryland law, these decisions represent an intervening change in controlling law, and is the basis for the Plaintiff's motion to reconsider. *Proctor v. Washington Metro. Area Transit Auth.*, 412 Md. 691, 704, 990 A.2d 1048, 1055 (2010) ("when determining Maryland law, federal courts will look first to this Court, as the final arbiter of Maryland law")

II.   **ARGUMENT**

   A.   **Standard of Review**

Federal Rule of Civil Procedure 54(b) provides that any order or decision that does not end the action may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. This Court is also permitted to revisit interlocutory orders at any time prior to final judgment under Fed.R.Civ.P. 54(b) or in its inherent authority. *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473-74 (M.D.N.C. 2003), aff'd, No. 1:00CV1262, 2012 WL 1565228 (M.D.N.C. Apr. 30, 2012).

The Fourth Circuit has not set forth a standard of review for a Rule 54(b) motion for reconsideration, but it has explained that the standards of Rule 59(e) and Rule 60(b) motions for

reconsideration are not binding for Rule 54(b) motions. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Even so, courts in this district frequently use the standards for Rule 59(e) and Rule 60(b) motions as guidance for ruling on Rule 54(b) motions. *In re Marriott Int'l, Inc.*, No. 19-MD-2879, 2021 WL 1516028, at *2 (D. Md. Apr. 16, 2021) (citing cases).

Although a Rule 59(e) motion for reconsideration is discretionary, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations omitted). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A complaint may survive a motion to dismiss if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 869 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).

A Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded

6

allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Even if the court believes that relief is unlikely, a complaint will still survive a motion to dismiss if the facts alleged in the complaint raise the "right to relief above the speculative level." *Twombly*, at 555-556 (*quoting Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).

**B.      The Court Should Reconsider Its Ruling Granting SN Servicing and PRP's Motion to Dismiss Plaintiffs' Maryland Consumer Debt Collection Act Claim Under Count X Because It Is Necessary to Accommodate An Intervening Change in Controlling Law**

Under § 14-202(8), a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." To prove a claim under this provision of the MCDCA, a complainant must establish two elements: (1) the debt collector "did not possess the right to collect the amount of debt sought"; and (2) the debt collector "attempted to collect the debt knowing that [it] lacked the right to do so." *Chavis v. Blibaum & Assocs., P.A.*, 476 Md. 534, 553, 264 A.3d 1254, 1265 (2021), *reconsideration denied* (Sept. 28, 2021) (internal citations omitted). "[T]he remedial nature of the MCDCA requires that [Courts] interpret § 14-202(8) broadly to reach any claim, attempt, or threat to enforce a right that a debt collector knows does not exist. *Id.* (*citing Andrews & Lawrence Prof'l Servs.*, 467 Md. 162, 223 A.3d 947 (2020); *see also Washington Home Remodelers, Inc. v. State*, 426 Md. 613, 630, 45 A.3d 208 (2012). As demonstrated below, in light of the Court of Appeals decision in *Chavis*, Plaintiffs First Amended Complaint adequately alleged facts to each of these elements.

1. *Plaintiffs alleged in their First Amended Complaint that the SN Defendants did not possess the right to collect or attempt to collect the amount of the debt sought because the amount was in excess of what was owed under the terms of mortgage note and deed of trust*

In Count X, Plaintiffs alleged that the SN Defendants violated § 14-202(8) by claiming, attempting, or threatening to enforce a right with the knowledge that right does not exist. FAC ¶ 445.[3] As detailed in the introduction above, Plaintiffs alleged that "the letters, statements, and notices sent by SN and PRP claiming the Plaintiff owed more than is actually due and which did not give the Plaintiffs credit for sums paid are attempts to enforce a right or collect a debt which SN Servicing and PRP knew did not exist." *Id.* These amounts were included in the lien amount that the SN Defendants sought during the prior foreclosure action.

In its opinion, the Court first discussed the standard for a violation of § 14-202 including that "[a] debt may be considered invalid if a debt collector seeks to collect an amount that exceeded the amount owed as a result of the debt collector's inclusion of an unauthorized type of charge." ECF 036, at 14 (citing *Conteh v. Shamrock Cmty. Ass'n, Inc.*, 648 F. App'x 377, 381 (4th Cir. 2016). The Court then granted the SN Servicing Defendants' motion to dismiss Plaintiffs MCDCA count finding "the Howes's complaint does not contain any allegations of unauthorized charges (even if it does contain allegations of excessive charges) or any allegations that challenge the validity of the underlying debt." ECF 036, at 15.[4] This decision rests on two premises that were

---

[3] For the avoidance of doubt, Plaintiffs state that they do not concede that any defendant in this action has demonstrated the right to collect under or enforce the terms of the Loan Agreement. The issue of whether any party at any time at the right to enforce the Loan Agreement is before the Court under Plaintiffs' declaratory judgment count. However, if the Court were to rule, in the future, that the SN Defendants did have the ability to enforce the Loan Agreement, Plaintiffs state that they violated the terms of the Loan Agreement, and state and federal statutes while doing so.

[4] While not explicitly stated in the portion of the opinion discussing Plaintiffs MCDCA claims, Plaintiffs believe that the Court interpreted the sums plaintiffs alleged the SN Defendants sought

either overruled by, or are inconsistent with, the Court of Appeals' ruling in *Chavis*. The first premise is that a plaintiff can maintain a claim under 14-202(8) when a debt collector seeks to collect an amount that exceeds the amount owed only if the excessive amount sought is the result of an unauthorized type of charge, and two, that an "unauthorized charge" does not include a charge that is of the type that a debt collector has the right to collect under certain conditions, but is being sought in an excessive amount. While prior to *Chavis* there was some support for each of these premises, and confusion between the opinions of different judges, the Court of Appeals made clear that neither is correct. *See Barr v. Flagstar Bank, FSB*, 3030 F. Supp.3d 400, 419-20 (D. Md. 2018); *Allstate Lien & Recovery Corp. v. Stansbury*, 219 Md. App. 575 (2014); *Lindsay v. Rushmore Loan Mgmt. Servs.*, LLC, No. PWG-15-1031, 2017 WL 1230822, at *6 (D. Md. Apr. 4, 2017); but see *Flournoy v. Rushmore Loan Mgmt. Services, LLC*, 8:19-CV-00407-PX, 2020 WL 1285504, at *8 (D. Md. Mar. 17, 2020) (unreasonable attorney's fees disguised as corporate advances); *Brooks v. Cama Self Directed IRA, LLC,* CV JKB-18-2299, 2019 WL 418412, at *11–12 (D. Md. Jan. 31, 2019) (no right to collect some or all of the interest and late fees claimed).

In *Chavis*, plaintiffs alleged that defendant violated CL 14-202(8) by attempting to collect post-judgment interest at a rate of 10% in excess of the allowable legal rate of 6%. The trial court dismissed the claim and the Court of Special Appeals affirmed. In its decision, the Court of Special Appeals determined based on prior jurisprudence "that the dispute over Respondents' collection

---

to collect in excess of the debt owed as "excessive charges" rather than "unauthorized charges" because in its summary of the factual background, the Court noted that the Loan Agreement allowed the "lender to assess late fees, attorneys' fees, and other costs." [ECF 036, at 2]. Plaintiffs are unsure whether all these charges and fees are the type of fee authorized under the Loan Agreement because they have never received specific details or supporting documents explaining all the charges. However, whether a charge or fees was of a type that could be charged under the Loan Agreement is immaterial, as Plaintiffs alleged the SN Defendants did so at a time, or in manner, or amount that was not authorized, and thus, SN Defendants did not have the right to attempt to collect them.

of post-judgment interest in excess of the legal rate was distinguishable from the collection of an unauthorized processing fee through a lien in *Allstate*[5], and the filing of liens after the passage of the relevant statute of limitations and collection of fines not authorized by an HOA's governing documents in *Mills*,[6]" both of which the Court of Special Appeals had determined were valid claims under the MCDCA. *Chavis*, at 558-559. The Court of Special Appeals "further reasoned that neither *Allstate* nor *Mills* 'suggests that a debtor may use the MCDCA to challenge the *amount* of a debt, which the creditor had a *right* to collect.'" *Id*. (internal citation omitted) (emphasis original)

According to the Court of Appeals "In the [Court [of Special Appeals]'s view, what mattered was that Respondents were entitled by law to charge some amount of post-judgment interest[,]" and since, they were, plaintiffs' claim under 14-202(8) failed. *Id.* This is analogues to the Court's determination here that Plaintiffs' claim failed because they alleged excessive charges rather than unauthorized type of charges.

The Court of Appeals reversed the lower courts' decisions and held plainly that "a plaintiff may invoke § 14-202(8) when the amount claimed by the debt collector includes sums that the debt collector, to its knowledge, does not have the right to collect." *Id.* The Court further ruled:

> In sum, Respondents had no right to collect or attempt to collect post-judgment interest at a rate of 10% because such conduct was not authorized by law and it contravened the District Court's orders of judgment that post-judgment interest be collected at the "legal rate." It follows that Petitioners sufficiently pled facts alleging the first element of a cause of action under CL § 14-202(8), i.e., that Respondents claimed a right to a rate of post-judgment interest that does not exist.

---

[5] *Allstate Lien & Recovery Corp. v. Stansbury*, 219 Md. App. 575, 590-91, 101 A.3d 520 (2014)

[6] *Mills v. Galyn Manor Homeowner's Ass'n, Inc.*, 239 Md. App. 663, 678-80, 198 A.3d 879 (2018)

*Chavis v. Blibaum & Assocs., P.A.*, 476 Md. 534, 561, 264 A.3d 1254, 1268 (2021), reconsideration denied (Sept. 28, 2021) 476 Md. at 561. Importantly, this decision explicitly does away with the notion that a claim under the MCDCA that a debt collector is attempting to collect an amount in excess of the amount owed must be the result of the inclusion of the *type* of charge that is unauthorized. The decision also affirms that it violates the statute for a debt collector to attempt to collect an excessive amount of an authorized charges type because the debt collector does not have the right to collect in the excessive amount, even if they do have the right to collect some amount.

Applying these principles here, Plaintiffs can invoke § 14-202(8) because they have alleged that the amount sought by the SN Defendants included sums that the SN Defendants knew they did not have a right to collect. It is immaterial whether these charges were the type of charge that were authorized, or whether they were in an excessive amount of an authorized charge. The sole determination is whether the SN Defendants had the right to attempt, threaten, or collect that amount; and for the purpose of a Motion to Dismiss, Plaintiffs have sufficiently alleged that they did not. Just as it was sufficient in for the plaintiffs in *Chavis* to allege the defendants violated the MCDCA by attempting to collect post-judgment interest at rate of 10% rather than at the rate of 6% that they were entitled to collect, it is sufficient here for the Plaintiffs to allege that the SN Defendants attempted to collect interest, fees, and other charges that were unauthorized under the circumstances because they were charged at a time, in a manner, or an amount that was inconsistent with the terms of the Loan Agreement or law, or in an excessive amount of a charge type which may have been authorized. As a result, Plaintiffs have fulfilled the first element for a claim under 14-202(8).

11

2.     *Plaintiffs have alleged that the SN Defendants attempted to collect the debt even though they knew they did not have the right to collect it in the amount sought*

In *Chavis*, the Court of Appeals adopted the interpretation articulated by several federal courts in Maryland that the "knowledge" element of a claim under § 14-202(8) requires "proof that a debt collector claimed, attempted, or threatened to enforce the non-existent right 'with actual knowledge or with reckless disregard as to the falsity of the existence of the right.'" *Chavis*, at 563 (quoting *Fontell v. Hassett*, 870 F. Supp. 2d 395, 407 (D. Md. 2012)). The Court of Appeals further held that "a debt collector cannot escape liability under the MCDCA merely by claiming that it was mistaken about the law that applied to its collection efforts[.]" *Id.* (citing *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 594-595 (D. Md. 1999); *Kemp,* 476 Md. at 191-192. "The question of whether a debt collector acted recklessly is a question of fact, to be determined in light of the particular circumstances." *Kemp,* at 192 (*citing Chavis*).

Here, Plaintiffs have adequately plead facts that if true, meet the knowledge requirement as stated in the Court's opinion: "The complaint states that SN Servicing and PRP 'knew' that the 'plaintiffs were current on their loan after reinstatement' and nevertheless sent them 'letters, statements, and notices" claiming the plaintiffs 'owed more' than was 'actually due.'" [ECF 036, at 14] (citing FAC ¶ 445); *See Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475, 2004 WL 2091210 (D. Md. 2004) (finding the defendant bank had actual knowledge that it had no right to attempt to enforce at $1,500 settlement agreement against the plaintiff because it knew that plaintiff's payments were current as it was the payee for them each month). The SN Defendants were in possession of copies of the Loan Agreement, and were aware of the manner, time, and amount of charges and fees that could be assessed against the Plaintiffs mortgage account, and how payments must be applied. As described above, the Plaintiffs have alleged that the SN

Defendants violated those terms by attempting to collect or collecting the Contested Charges or applying the payments in an improper manner.

The SN Defendants were aware of the incomprehensive actions they took after the Plaintiffs' $451,000 reinstatement payment. They  collected $11,884 for the 2016 property taxes which the SN Defendants knew they had not paid (FAC ¶ 122-123); applied years of payments in equal amounts, which is inconsistent with the reinstatement quotation breakdown sent to the Plaintiffs, and defied logic as the amount of escrow payments likely charged year-to-year and certainly changed over the span of six years (FAC ¶ 113); and returned $4,728.01 to the Plaintiffs on June 5, 2017 when the same funds were allegedly owed on June 1, 2017 and then charged the Plaintiffs a late fee. FAC ¶¶ 119, 122-123. Additionally, or alternatively, the SN Defendants acted with actual knowledge or reckless disregard as to the falsity of the existence of the right to collect the sums sought to be collected under the circumstances. Plaintiffs alleged that they sent the SN Defendants several letters questioning and challenging the application of payments and Contested Charges and asked for supporting documentation. FAC ¶¶ 124, 129, 133, 134, 137, 141. The SN Defendants, through their agents, sent replies to some of the letters, but purposely ignored and never provided a response to the specific issues of the Contested Charges and application of the payments, or produced any documentation supporting their validity. FAC ¶¶ 127, 128, 134, 136, 139, 142. Thus, the logical inference is that the SN Defendants either purposely ignored the issues in the letters, or received the letters, researched the issues and searched for supporting documentation, but didn't find any. Either way, a reasonable jury could find that the SN Defendants had actual or constructive knowledge that they did not have the right to collect the sums sought. *Allen v. Bank of Am., N.A.,* 933 F. Supp. 2d 716, 730, 2013 WL 1164898 (D. Md. 2013) (denying defendant's motion for summary judgment as to plaintiff's MCDCA claim where "no evidence in

the record conclusively demonstrate[d] that the defendant did not act with a 'reckless disregard' for the true status of the [plaintiff's] mortgage account"). Therefore, Plaintiffs have successfully plead the knowledge element for the purposes of a motion to dismiss

III.   CONCLUSION

WHEREFORE, for reasons stated above, Plaintiffs Jeffrey and Tonya Howes respectfully ask this Court to reconsider its March 9, 2021 Order as to Count X, and denying SN Defendants' motion to dismiss. Plaintiffs further request the Court grant them the right to amend their Second Amended Complaint to re-insert Count X within 14 days of the Court's order on this Motion.

Respectfully submitted,

Date: <u>April 29, 2022</u>                     <u>/s/ *F. Peter Silva II*                     </u>
                                                                     F. Peter Silva II (Bar # 19464)
                                                                     TYCKO & ZAVAREEI LLP
                                                                     1828 L Street, N.W., Suite 1000
                                                                     Washington, D.C. 20036
                                                                     Phone: (202) 973-0900
                                                                     Fax: (202) 973-0950
                                                                     psilva@tzlegal.com
                                                                     *Counsel for Plaintiffs Jeffrey and Tonya Howes*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 29, 2021, a copy of the foregoing document was served via the Court's online filing system on all counsel of record.


/s/ *F. Peter Silva II*_____
F. Peter Silva II, Esq. Bar # 19464

15