**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JEFFREY V. HOWES, *et. al.*, | |
| v. | |
| | Civil No. CCB-20-670 |
| SN SERVICING CORP., *et. al.* | |

**MEMORANDUM**

Three motions are now pending before the court in this litigation over allegedly improper servicing of a mortgage on the plaintiffs' home: (1) the plaintiffs' motion for reconsideration of the court's March 2021 Memorandum and Order; (2) certain defendants' motion to dismiss the second amended complaint; and (3) a motion to strike portions of the second amended complaint. All three motions are fully briefed and no oral argument is necessary.

For the reasons that follow, the court will grant the motion for reconsideration and amend its prior order dismissing the plaintiffs' claims against the SN Defendants under the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA"). The plaintiffs will be granted leave to file a third amended complaint within 30 days adding MCDCA claims and MCPA claims against the SN Defendants. The third amended complaint must comply with the specifications set forth in the court's March 9, 2021 Memorandum and Order, including the instruction that the complaint should not "attempt to incorporate every allegation into every cause of action." (ECF 36 at 18). Because the court expects the plaintiffs to

1

file a third amended complaint, it will deny the pending motion to dismiss and motion to strike as moot.[1]

## **BACKGROUND**

This case involves twenty years of convoluted and evolving factual disputes that the court need not recount to contextualize its decision here. The court instead provides only the factual and procedural background necessary to dispose of the pending motions.

In March 2020, the plaintiffs filed their first amended complaint ("FAC") in this court. The 135-page complaint contained 470 paragraphs and 69 exhibits and named at least seven financial institutions and one law firm as defendants. (ECF 8). The defendants consist of three groups: (1) Wells Fargo Bank, N.A. and U.S. Bank, N.A., as Trustee for WFASC 2003 (the "2003 Trust") (collectively, the "WF" defendants); (2) SN Servicing Corporation ("SN Servicing") and U.S. Bank Trust, N.A., as Trustee of PRP II PALS Investments Trust ("PRP") (collectively, the "SN" defendants); and (3) American Mortgage Investment Partners Management, LLC ("AMIP"), FCI Lender Services, Inc. ("FCI"), Wilmington Savings Fund, FSB, as Trustee of Residential Credit Opportunities Trust V-B ("RCO"), and Samuel I. White P.C. ("White") (collectively, the "AMIP" defendants).

In response to the FAC, the WF defendants moved to dismiss for failure to state a claim, (ECF 20), the SN defendants moved to dismiss for failure to state a claim, or in the alternative for a more definite statement, (ECF 21), and the AMIP defendants moved for a more definite statement, (ECF 22). After considering these motions, the court issued its first opinion in this case, a March 2021 Memorandum and Order granting the WF defendants' motion to dismiss in full,

---

[1] Should the plaintiffs opt not to file a third amended complaint, the defendants will be permitted to renew their pending motions.

granting the SN defendants' motion to dismiss in part and denying it in part, and granting the AMIP defendants' motion for a more definite statement. (ECFs 36-37). In doing so, the court instructed the plaintiffs to promptly file a second amended complaint limited to 35 pages. (ECF 36 at 18).

Rather than immediately file a second amended complaint, the plaintiffs moved for reconsideration of the court's March 2021 opinion. (ECF 38). The court denied the motion but granted the plaintiffs an extension to file an amended complaint. (ECF 45). In December 2021, the plaintiffs filed the second amended complaint ("SAC"). (ECF 50). The SAC brings five claims against various entities included among the AMIP defendants and reincorporates the one count against SN that survived SN's motion to dismiss. (*Id.*). Given the court's initial decision dismissing Count X of the FAC, the SAC does not allege violations of the MCDCA or MCPA against SN. (*Id.*). The AMIP defendants moved to dismiss the SAC for failure to state a claim, (ECF 53), and SN moved to strike various portions of the SAC as irrelevant and unnecessarily scandalous, (ECF 51).

In April 2022, with the motion to dismiss the SAC and motion to strike fully briefed, the plaintiffs filed a second motion for reconsideration. (ECF 69). This motion asked the court to reconsider its initial decision dismissing Count X of the FAC as to the SN defendants in light of the Maryland Court of Appeals' decision in *Chavis v. Blibaum & Associates, P.A.*, 264 A.3d 1254 (Md. 2021). For the reasons set forth below, the court will grant the motion for reconsideration. As a result, it will deny as moot the AMIP defendants' motion to dismiss and SN's motion to strike.

3

## ANALYSIS

### I. The Plaintiffs' Motion for Reconsideration

The plaintiffs move under Federal Rule of Civil Procedure 54(b) for reconsideration of the court's dismissal of its claims against SN and PRP for violations of the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA"), contained in Count X of the FAC. (ECF 69). Under Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Accordingly, when appropriate, "a district court retains the power to reconsider and modify its interlocutory judgments" at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). Resolution of the motion is "committed to the discretion of the district court," *id.* at 515, and "the goal is to reach the correct judgment under law," *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) (citation and quotation marks omitted). Applying the Rule 59(e) standard for guidance, a court generally will grant a motion for reconsideration only where a party has shown (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *See Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

The plaintiffs' motion is predicated on a purported change in controlling law following the Maryland Court of Appeals' decision in *Chavis v. Blibaum & Associates, P.A.*, 264 A.3d 1254 (Md. 2021), decided on August 27, 2021, and in which a motion for reconsideration was denied on September 28, 2021. The plaintiffs contend that *Chavis* changes the scope of MCDCA and corresponding MCPA claims under Maryland law. The court agrees.

The MCDCA prohibits debt collectors from "utilizing threatening or underhanded methods

4

in collecting or attempting to collect a delinquent debt." *Best v. Fed. Nat'l Mortg. Ass'n*, 450 F. Supp. 3d 606, 635–36 (D. Md. 2020) (internal quotation omitted). The act provides that a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist[.]" Md. Code Ann., Com. Law § 14-202(8) (West). As *Chavis* explains, to state a claim under the MCDCA, a plaintiff must plead that (1) the defendant "did not possess the right to collect the amount of debt sought" and (2) the defendant "attempted to collect the debt knowing that it lacked the right to do so." 264 A.3d at 1265 (quoting *Mills v. Galyn Manor Homeowner's Ass'n, Inc.*, 198 A.3d 879, 887 (2018)) (citation and alteration omitted); *see id.* at 1269 (the MCDCA applies where "the amount claimed by the debt collector includes sums that the debt collector, to its knowledge, does not have the right to collect"). The knowledge element may be satisfied by either "actual knowledge or [] reckless disregard as to the falsity of the existence of the right." *Id.* at 1271 (quoting *Fontell v. Hassett*, 870 F. Supp. 2d 395, 407 (D. Md. 2012)).

The MCPA, on the other hand, prohibits certain unfair, abusive, or deceptive trade practices in connection with the extension of consumer credit or the collection of consumer debts. Md. Code Ann., Com. Law § 13-303(4)-(5) (West). To state a claim under the MCPA, a plaintiff must plead that "(1) the defendant engaged in an unfair or deceptive practice or misrepresentation, (2) the plaintiff relied upon the misrepresentation, and (3) doing so caused the plaintiff actual injury." *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 416 (D. Md. 2018) (internal quotation marks omitted). "A violation of the MCDCA also constitutes a per se violation of the MCPA as an 'unfair, abusive, or deceptive trade practice.'" *Chavis*, 264 A.3d at 1265 (citing CL § 13-301(14)(iii)).

This court's March 2021 Order dismissed the plaintiffs' MCDCA claim and corresponding per se MCPA claim. Relying on *Barr*, 303 F. Supp. 3d at 420, the court explained that the MCDCA applied only to collection of unauthorized charge *types*—not to collection of authorized but

5

excessive charge *amounts*. (ECF 36 at 14-15). The FAC, the court explained, alleged that the defendants had applied *excessive* charges, but not that they had levied *unauthorized* charges. (*Id.*). Thus, the defendants could not state a claim under the MCDCA (or a per se claim under the MCPA). (*Id.* at 14-15 & n.9).

Nearly six months after the court's decision dismissing the plaintiff's MCDCA and MCPA claims, in August 2021, the Maryland Court of Appeals decided *Chavis*. Discussing *Barr* and other cases, the *Chavis* court rejected the prior decisions of the Maryland Court of Special Appeals and federal courts which had drawn a "distinction between '*methods*' of debt collection and '*amounts*' of debts sought to be collected, when assessing a claim under CL § 14-202(8)." *Chavis*, 264 A.3d at 1268–69 (emphasis added). It held instead that "a plaintiff may invoke § 14-202(8) when the amount claimed by the debt collector includes *sums* that the debt collector, to its knowledge, does not have the right to collect." *Id.* at 1269 (emphasis added). The court deemed this interpretation more consistent with the statute's text, structure, and remedial nature. *See id.*

In short, until *Chavis*, the validity of an MCDCA claim turned on whether a plaintiff challenged a debt collector's "*right* to collect" the specific type of charge at issue or "the *amount* of" a charge which, as a general matter, the "creditor had a right to collect." *Id.* at 1268 (quoting *Chavis v. Blibaum Assocs., P.A.*, 230 A.3d 188, 195 (Md. App. 2020)). Until *Chavis*, allegations that a creditor attempted to collect a type of charge it had no right to collect stated a claim; allegations that a creditor attempted to collect an excessive amount of a charge it was otherwise entitled to collect did not. After Chavis, *both* types of allegations may state a claim under the MCDCA. Thus, the plaintiffs have correctly identified an intervening change in Maryland law since the court issued its March 2021 opinion.

Under the standard articulated in *Chavis*, the plaintiffs may be able to state a claim under

6

the MCDCA and MCPA against one or more of the SN defendants. As the court acknowledged in its prior opinion, the FAC "states that SN Servicing and PRP 'knew' that the 'plaintiffs were current on their loan after reinstatement' and nevertheless sent them 'letters, statements, and notices' claiming the plaintiffs 'owed more' than was 'actually due.'" (ECF 36 at 14 (quoting FAC ¶ 445)). The FAC is no longer operative, however, and the SAC does not bring MCDCA and MCPA claims against the SN defendants. Furthermore, the SN Defendants filed a compelling motion for a more definite statement with respect to the MCDCA and MCPA claims contained in the FAC (and the court granted the AMIP defendants' analogous motion). Thus, the court will reserve judgment on whether to permit MCDCA and MCPA claims to advance against the SN defendants until the plaintiffs have filed a third amended complaint and the parties have had an opportunity to brief the question in light of *Chavis.*

## II. The AMIP Defendants' Motion to Dismiss

The second motion pending before the court is the AMIP defendants' motion to dismiss the SAC's five claims against them, including claims under the MCDCA and MCPA. As discussed above, the court will deny the motion to dismiss as moot given its expectation that the plaintiffs will file a third amended complaint and render the SAC inoperative. The court also opts not to rule on the AMIP defendants' motion at this time as a matter of fairness to permit the AMIP defendants to brief the MCDCA and MCPA claims against them in light of the court's interpretation of *Chavis.*

## III. Motion to Strike

The third motion pending in this matter is SN's motion to strike certain portions of the SAC which, in its view, "impugn" SN without bearing on the SAC's sole claim against it for violating RESPA. (ECF 51-1 at 5). The court will deny the motion to strike as moot for the same reasons it denies as moot the AMIP defendants' motion to dismiss.

Without issuing a substantive ruling on the motion, the court notes that a motion to strike is an extreme remedy that will be granted only where the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party. 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382 (3d ed.). SN characterizes the challenged portions of the complaint as "scandalous," impeding its ability to respond to the claims against it, and threatening to subject SN to discovery costs related to immaterial allegations. (ECF 51-1 at 5-6). The court has difficulty seeing how the allegations in the complaint, although serious, rise to the level of "impertinent" or "scandalous" in this context. More importantly, the court is confident the allegations will not interfere with SN's ability to respond to the RESPA, MCDCA, or MCPA claims against it because the court has by now clearly identified the scope of each claim. Finally, the existence of particular allegations in a complaint does not alter the scope of discovery, which is governed by Federal Rule of Civil Procedure 26. Under Rule 26, the plaintiffs will not be entitled to seek discovery on matters unrelated to their claims against SN or SN's defenses.

Having provided these observations, however, the court for now simply denies the motion as moot.

## CONCLUSION

In sum, the court will grant the motion for reconsideration and will grant the plaintiffs leave to file a third amended complaint within 30 days. As a result, the court will deny as moot the AMIP defendants' motion to dismiss and SN's motion to strike.

A separate order follows.

_9/29/22_
Date

_CCB_
Catherine C. Blake
United States District Judge

9